**Albert HARRIS, Plaintiff–Appellant,**

v.

**Patrick LAIR, et al., Defendants–Appellees.**

No. 01–1968.

United States Court of Appeals, Seventh Circuit.

Submitted June 20, 2002.*

Decided June 20, 2002.

Before WOOD, COFFEY, and ROVNER, Circuit Judges.

## ORDER

An Indianapolis police officer shot Albert Harris four times in the chest while apprehending him for carjacking. Harris then brought an action under 42 U.S.C. § 1983 against the officers involved in his arrest, alleging that Officer Patrick Lair used excessive force by shooting him, and that the other officers on the scene failed to intervene. Harris claimed that Officer

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Lair shot him after he had already been apprehended and subdued. The defendants claimed that Officer Lair shot Harris because he posed an immediate threat to the safety of officers at the scene, and that it was only after Officer Lair fired two shots, paused, then fired again, that Harris stopped actively resisting arrest.

The district court judge held a bench trial and, after hearing Harris's testimony as well as that of Officer Lair and other officers involved in the incident, made the following factual findings: On December 20, 1996, after receiving a radio report of a robbery and carjacking, Officer Richard Mahon pursued Harris who was driving a stolen Chevrolet Astro Van. During the chase, Harris abandoned the van and ran to a Lincoln Town Car that was waiting at a stop sign. Harris smashed the driver's side window with a tire iron and ordered the passengers out of the vehicle. Before Harris could escape in the Lincoln, Officer Mahon placed his body between the car and the driver's door, preventing Harris from closing the door. By this time, Officers Lair, Gary Thomas, Phillip Scrogham, Ronald Clayton, and David Schultz had arrived to assist Officer Mahon in apprehending Harris.

The officers boxed the Lincoln in at the front and on both sides with police cars, so that Harris's only possible escape route was to the rear. Harris attempted to put the Lincoln in reverse and drive away, but ice on the ground prevented the tires from gaining enough traction. Nonetheless, Harris persisted in his efforts to flee, even as Officer Mahon fought to keep the driver's side door open. Harris and Officer Mahon struggled over the car's gear shift; Harris alternately placed the car in drive and reverse, trying to get free of the ice, while Officer Mahon attempted to put the car in park. Throughout the struggle, the officers repeatedly shouted to Harris to

give himself up. Officer Thomas was knocked to the ground and fell under the Lincoln as Harris moved it backward and forward. Officer Scrogham sprayed Harris with mace, and Officer Clayton fired a shot into the Lincoln's front tire. But Harris continued to resist the officers, and Officer Lair was dragged by the car as it moved in reverse. Officer Lair, believing that his life and that of Officer Thomas were in immediate danger, shot Harris twice. Harris continued to struggle, and the car's tires continued to spin. Only after Officer Lair fired two more shots was Harris finally subdued. Harris received a jury trial and was found guilty of robbery, carjacking, auto theft, and resisting arrest.

The district court concluded that Officer Lair's shooting of Harris was objectively reasonable and did not constitute excessive force. Because Officer Lair had not used excessive force, Harris's failure to intervene claims against the other officers were moot. The district court entered judgment in favor of the defendants, and Harris appeals.

On appeal, Harris argues that the district court erred in crediting the officers' version of the facts rather than his own. Following a bench trial, we review the district court's findings of fact for clear error. *Bowles v. Quantum Chemical Co.*, 266 F.3d 622, 630 (7th Cir.2001). We view the evidence in the light most favorable to the court's judgment. *Central States, Southeast and Southwest Areas Pension Fund v. Kroger Co.*, 226 F.3d 903, 910 (7th Cir.2000). When the evidence supports two permissible factual findings, the trial court does not clearly err by choosing one over the other. *Rovell v. American Nat'l Bank*, 194 F.3d 867, 872 (7th Cir.1999). We will reverse only if we are "left with a definite and firm conviction that a mistake has been committed." *Bowles*, 266 F.3d at 630.

In order to make its factual findings, the court needed to evaluate the credibility of the trial witnesses. We are mindful that the trial judge is particularly well-qualified to assess witness credibility and are therefore especially reluctant to reverse factual findings based on such assessments. *R.L. Coolsaet Construction Co. v. Local 150, Int'l Union of Operating Engineers*, 177 F.3d 648, 656 (7th Cir. 1999). Officers Lair, Mahon, Scrogham, Clayton, and Thomas all testified that Harris's attempts to escape in the Lincoln had endangered their safety, that they had made progressively more forceful efforts to control Harris before Officer Lair resorted to shooting, and that no shots were fired or blows inflicted after Harris was taken into custody. The court found the officers' account credible and discounted Harris's testimony that the officers had subdued him and then proceeded to beat and shoot him as he remained helpless in the Lincoln. Given the great deference that we afford the trial judge's determinations of witness credibility, we cannot find that the court clearly erred in believing the officers' version of events. *Id.*

In light of its factual findings, the court properly determined that Officer Lair's use of force was objectively reasonable. *Deering v. Reich*, 183 F.3d 645, 650–51 (7th Cir.1999). Whether the use of force is reasonable depends upon the "totality of the circumstances" as they are understood by the officer at the time of the shooting. *Id.* Harris posed an immediate threat to the officers who were attempting to apprehend him, particularly to Officer Thomas who was trapped under the Lincoln. *See Maravilla v. United States*, 60 F.3d 1230, 1233 (7th Cir.1995). Armed with a tire iron, Harris had committed a dangerous felony and could have endangered others had he managed to escape. *See Deering*, 183 F.3d at 651; *Frazell v.*

*Flanigan*, 102 F.3d 877, 882–83 (7th Cir. 1996). The officers attempted repeatedly to control Harris with means that fell short of deadly force, but he continued to actively resist arrest. *See Frazell*, 102 F.3d at 882–83. Officer Lair had to act quickly to protect himself, Officer Thomas, and others at the scene. Faced with this "totality of circumstances," Officer Lair reasonably resorted to firing shots at Harris.

The other officers at the scene could be liable for failing to intervene only if Officer Lair had violated Harris's constitutional rights. *See Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir. 1981). Because Officer Lair did not use excessive force in shooting Harris, Harris has no basis for his failure to intervene claim against the remaining defendants.

The judgment of the district court is AFFIRMED.